EXHIBIT "A"

SUMM
**GREGORY T. HAFEN, ESQ.**
Nevada Bar No. 000961
**ADAM J. BREEDEN, ESQ.**
Nevada Bar No. 008768
**PORTER & TERRY, LLC**
525 South Ninth Street
Las Vegas, Nevada 89101
(702) 384-5800
*Attorneys for Jaynes Corporation*

COPY

RECEIVED
APR 18 2006
9:25 am
DIVISION OF INSURANCE
STATE OF NEVADA

SCANNED APR 27 '06

**DISTRICT COURT**

**CLARK COUNTY, NEVADA**

JAYNES CORPORATION,

Plaintiff,

vs.

RLI INSURANCE COMPANY, d/b/a MT. HAWLEY INSURANCE COMPANY; DOE DEFENDANTS I-X, inclusive and ROE CORPORATIONS I-X, inclusive,

Defendants.

CASE NO. A519214

DEPT. NO. V

**(Exempt from Arbitration; Declaratory Relief)**

# SUMMONS

**NOTICE! YOU HAVE BEEN SUED. THE COURT MAY DECIDE AGAINST YOU WITHOUT YOUR BEING HEARD UNLESS YOU RESPOND WITHIN 20 DAYS. READ THE INFORMATION BELOW.**

**TO THE DEFENDANT: RLI INSURANCE COMPANY d/b/a MT. HAWLEY INSURANCE COMPANY**

A civil Complaint has been filed by the Plaintiff against you for the relief set forth in the Complaint.

1. If you intend to defend this lawsuit, within 20 days after this Summons is served on you exclusive of the day of service, you must do the following:

   a. File with the Clerk of this Court, whose address is shown below, a formal written response to the Complaint in accordance with the rules of the Court.

PORTER & TERRY, LLC
525 SOUTH NINTH STREET
LAS VEGAS, NEVADA 89101

b. Serve a copy of your response upon the attorney whose name and address is shown below.

2. Unless you response, your default will be entered upon application of the Plaintiff and this Court may enter a judgment against you for the relief demanded in the Complaint, which could result in the taking of money or property or other relief requested in the Complaint.

3. If you intend to seek the advice of an attorney in this matter, you should do so promptly so that your response may be filed on time.

Issued at direction of:

Gregory T. Hafen, Esq.
Nevada Bar No. 000961
Adam J. Breeden, Esq.
Nevada Bar No. 009768
PORTER & TERRY, LLC
525 South Ninth Street
Las Vegas, Nevada 89101
(702) 384-5800
Attorneys for Plaintiff(s)

DISTRICT COURT SEAL

**SHIRLEY PARRAGUIRRE, CLERK OF COURT**

CHRISTINA GREENE

By:______________________________ APR 17 2006

DEPUTY CLERK Date
County Courthouse
200 South 3rd Street
Las Vegas, NV 89101

PORTER & TERRY, LLC
525 SOUTH NINTH STREET
LAS VEGAS, NEVADA 89101

## EXHIBIT "A"
## NEVADA RULES OF CIVIL PROCEDURE

Rule 45

**(c) Protection of Persons Subject to Subpoena.**

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party,

the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

**(d) Duties in Responding to Subpoena.**

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

ACOM
**GREGORY T. HAFEN, ESQ.**
Nevada Bar No. 000961
**ADAM J. BREEDEN, ESQ.**
Nevada Bar No. 008768
**PORTER & TERRY, LLC**
525 South Ninth Street
Las Vegas, Nevada 89101
(702) 384-5800
*Attorneys for Jaynes Corporation*

FILED
Mar 31 3 59 PM '06
CLERK

RECEIVED
APR 18 2006
9:25 am
DIVISION OF INSURANCE
STATE OF NEVADA

**DISTRICT COURT**

**CLARK COUNTY, NEVADA**

| | |
|---|---|
| JAYNES CORPORATION,<br>Plaintiff,<br>vs.<br>RLI INSURANCE COMPANY, d/b/a MT. HAWLEY INSURANCE COMPANY; DOE DEFENDANTS I-X, inclusive and ROE CORPORATIONS I-X, inclusive,<br>Defendants. | CASE NO. A519214<br>DEPT. NO. V<br>**(Exempt from Arbitration; Declaratory Relief)** |

**JAYNES CORPORATION'S FIRST AMENDED COMPLAINT FOR DECLARATORY RELIEF AND MONETARY DAMAGES**

NOW COMES the Plaintiff, JAYNES CORPORATION, through its attorneys GREGORY T. HAFEN, ESQ. and ADAM J. BREEDEN, ESQ. of the law firm PORTER & TERRY, LLC, and states that following as its complaint:

**I. PARTIES**

1. Plaintiff JAYNES CORPORATION is a Corporation organized under the laws of the state of New Mexico with its corporate headquarters in Albuquerque, New Mexico authorized to do business and doing business in Nevada as a general contractor.

2. Defendant RLI INSURANCE COMPANY d/b/a MT. HAWLEY INSURANCE COMPANY (hereinafter referred to only as MT. HAWLEY INSURANCE COMPANY) is, on information and belief, an Illinois Corporation with its corporate

PORTER & TERRY, LLC
525 SOUTH NINTH STREET
LAS VEGAS, NEVADA 89101

headquarters in Peoria, Illinois engaged in the business of writing contracts of insurance.

3. Defendants DOE DEFENDANTS I-X and ROE CORPORATIONS I-X are alter egos, aliases, parent companies, subsidiaries, partners, employees, agents, joint venturers or other persons or business entities responsible for the actions of RLI INSURANCE CO. d/b/a MT. HAWLEY INSURANCE COMPANY or otherwise liable to the Plaintiff for the allegations contained herein. Plaintiff will seek leave to amend this Complaint to name said Defendants when their identities become known.

## II. ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

4. Plaintiff JAYNES CORPORATION is a general contractor doing business in the state of Nevada.

5. On or about July 17, 2003 JAYNES entered into a subcontract agreement with Jeff Lackey Grading, Inc. The purpose of the subcontract agreement was for Jeff Lackey Grading to provide paving/resurfacing work at a Wal-Mart parking lot job site located in Las Vegas, Nevada.

6. As part of the subcontract agreement, JAYNES was added to Jeff Lackey Grading's Comprehensive General Liability insurance policy as an additional insured. Jeff Lackey's insurance policy was written by Defendant MT. HAWLEY INSURANCE COMPANY.

7. Thereafter, JAYNES became in contractual privity with MT. HAWLEY INSURANCE as an additional insured with coverage being provided under the terms of the following endorsement and incorporated policy language:

**ADDITIONAL INSURED—OWNERS, LESSEES OR CONTRACTORS—AUTOMATIC STATUS WHEN REQUEIRED IN CONSTRUCTION AGREEMENT WITH YOU**

**A. Section II—Who is An Insured** is amended to include as an insured any person or organization for whom you are performing operation when you and such person or organization have agree in writing in a contract or agreement executed prior to the claim or "suit" that such person or organization be added as an additional insured on your policy. Such person or organization is an additional insured only with respect to liability arising out of your ongoing operations performed for that insured. A person's



PORTER & TERRY, LLC
525 SOUTH NINTH STREET
LAS VEGAS, NEVADA 89101

or organization's status as an insured under this endorsement ends when your operations for that insured are completed.

8. A woman named Lorraine Fee has alleged that on or about January 3, 2004 she tripped and fell and sustained personal injuries on the site where Jeff Lackey Grading was paving.

9. Lorraine Fee has presented a claim for personal injuries to Wal-Mart, JAYNES and Jeff Lackey Grading as a result of the alleged January 3, 2004 incident.

10. On or about December 8, 2005 and January 6, 2006 Lorraine Fee filed a Complaint and Amended Complaint, respectively, against Wal-Mart, JAYNES and Jeff Lackey Grading for personal injuries.

11. In letters dated July 13, 2005 and February 2, 2006 JAYNES tendered the defense and indemnity of JAYNES to MT. HAWLEY INSURANCE pursuant to its coverage of JAYNES through the additional insured endorsement.

12. MT. HAWLEY has refused to either defend or indemnify JAYNES from the Lorraine Fee claims.

13. MT. HAWLEY'S refusal to defend and indemnify JAYNES is without basis and contrary to the terms of its policy and the coverage provided through the additional insured endorsement and amounts to a breach of contract.

14. This Court has the power to declare the rights and obligations of JAYNES and MT. HAWLEY INSURANCE COMPANY and to issue supplemental relief pursuant to N.R.S. § 30.010 et. seq.

**FIRST CAUSE OF ACTION**
**(Breach of Contractual Duty to Defend and Indemnify for Jaynes' Vicarious Liability)**

15. Plaintiff incorporates Paragraphs 1-14 of the complaint as if fully re-stated herein.

16. Lorraine Fee has alleged in her Amended Complaint that Jeff Lackey Grading was negligent and has alleged that negligence caused or contributed to her alleged injuries, including but not limited to the allegation that:

*Jeff [Lackey] so negligently constructed the parking lot on Defendant Wal-*

PORTER & TERRY, LLC
525 SOUTH NINTH STREET
LAS VEGAS, NEVADA 89101

*Mart's premises that an unsafe condition did in fact exist.*

17. Lorraine Fee has alleged in her Amended Complaint that JAYNES is vicariously responsible for the acts of Jeff Lackey Grading, including but not limited to the allegation that:

*Jaynes is vicariously liable for damages to Plaintiff, under the theory of Respondeat Superior AND pursuant to N.R.S. § 41.130, Defendant, Jaynes, is liable for the injuries caused by their employees.* (Complaint at XXII).

18. Pursuant to the MT. HAWLEY insurance policy and additional insured endorsement, MT. HAWLEY is obligated to defend and indemnify JAYNES from lawsuits alleging it is vicariously liable for the acts of Jeff Lackey Grading or if there is a potential for JAYNES to be vicariously liable.

19. Despite the terms of the policy and endorsement, MT. HAWLEY has refused to either defend or indemnify JAYNES from the Lorriane Fee claims.

20. MT. HAWLEY has breached its contractual duty to defend and indemnify JAYNES for its vicarious liability for Jeff Lackey Grading's acts and the Court should declare JAYNES' rights under the policy and endorsement and declare that MT. HAWLEY has breached the contract and that MT. HAWLEY owes a duty to defend and indemnify JAYNES against the claims made by Lorraine Fee.

## SECOND CAUSE OF ACTION
**(Breach of Contractual Duty to Defend and Indemnify for Jaynes' Alleged Independent Negligence)**

21. Plaintiff incorporates Paragraphs 1-20 of the complaint as if fully re-stated herein.

22. Lorraine Fee has alleged in her Amended Complaint that JAYNES has committed its own acts of negligence and has alleged that negligence caused or contributed to her alleged injuries, including but not limited to the allegation that:

*Defendant, JAYNES, negligently hired, trained and supervised its employees and/or sub-contractors.*

23. Pursuant to the MT. HAWLEY insurance policy and additional insured endorsement, MT. HAWLEY is obligated to defend and indemnify JAYNES from lawsuits alleging

PORTER & TERRY, LLC
525 SOUTH NINTH STREET
LAS VEGAS, NEVADA 89101

allegation that:

*Jaynes is vicariously liable for damages to Plaintiff, under the theory of Respondeat Superior AND pursuant to N.R.S. § 41.130, Defendant, Jaynes, is liable for the injuries caused by their employees.* (Complaint at XXII).

18. Pursuant to the MT. HAWLEY insurance policy and additional insured endorsement, MT. HAWLEY is obligated to defend and indemnify JAYNES from lawsuits alleging it is vicariously liable for the acts of Jeff Lackey Grading or if there is a potential for JAYNES to be vicariously liable.

19. Despite the terms of the policy and endorsement, MT. HAWLEY has refused to either defend or indemnify JAYNES from the Lorriane Fee claims.

20. MT. HAWLEY has breached its contractual duty to defend and indemnify JAYNES for its vicarious liability for Jeff Lackey Grading's acts and the Court should declare JAYNES' rights under the policy and endorsement and declare that MT. HAWLEY has breached the contract and that MT. HAWLEY owes a duty to defend and indemnify JAYNES against the claims made by Lorraine Fee.

PORTER & TERRY, LLC
525 SOUTH NINTH STREET
LAS VEGAS, NEVADA 89101

**SECOND CAUSE OF ACTION**
**(Breach of Contractual Duty to Defend and Indemnify for Jaynes' Alleged Independent Negligence)**

21. Plaintiff incorporates Paragraphs 1-20 of the complaint as if fully re-stated herein.

22. Lorraine Fee has alleged in her Amended Complaint that JAYNES has committed its own acts of negligence and has alleged that negligence caused or contributed to her alleged injuries, including but not limited to the allegation that:

*Defendant, JAYNES, negligently hired, trained and supervised its employees and/or sub-contractors.*

23. Pursuant to the MT. HAWLEY insurance policy and additional insured endorsement, MT. HAWLEY is obligated to defend and indemnify JAYNES from lawsuits alleging JAYNES acted negligently and caused injury or if there is a potential that JAYNES acted negligently.

24. Despite the terms of the policy, MT. HAWLEY has refused to either defend or indemnify JAYNES from the Lorriane Fee claims.

JAYNES acted negligently and caused injury or if there is a potential that JAYNES acted negligently.

24. Despite the terms of the policy, MT. HAWLEY has refused to either defend or indemnify JAYNES from the Lorriane Fee claims.

25. MT. HAWLEY has breached its contractual duty to defend and indemnify JAYNES for its own independent acts of negligence.

26. MT. HAWLEY has breached its contractual duty to defend and indemnify JAYNES for its own alleged or potential negligence and the Court should declare JAYNES' rights under the policy and endorsement and declare that MT. HAWLEY has breached the contract and declare that MT. HAWLEY has breached the contract and that MT. HAWLEY owes a duty to defend and indemnify JAYNES against the claims made by Lorraine Fee.

**THIRD CAUSE OF ACTION**
**(Supplemental Relief for Money Damages)**

27. Plaintiff incorporates Paragraphs 1-26 of the complaint as if fully re-stated herein.

28. Because of MT. HAWLEY'S breach of its insurance contract with JAYNES, JAYNES has sustained monetary damages and continues to sustain monetary damages for which it is owed reimbursement from MT. HAWLEY.

29. The damages sustained by JAYNES include its costs, expenses, interest and attorney's fees incurred in defending the Lorraine Fee claims, JAYNES' costs, expenses, interest and attorney's fees incurred in bringing this declaratory judgment action and, if JAYNES either wholly or in part is found responsible for the injury to Lorraine Fee and an award of damages is entered against it or if JAYNES settles the claims against it, JAYNES' damages include amounts JAYNES must pay to Lorriane Fee.

30. The amount of JAYNES' damages will be proven at trial but are, on information and belief, in excess of $10,000 or will amount to in excess of $10,000;

31. MT. HAWLEY is legally responsible for reimbursing JAYNES for the aforementioned damages and the Court should enter a money judgment in favor of JAYNES for that

PORTER & TERRY, LLC
525 SOUTH NINTH STREET
LAS VEGAS, NEVADA 89101

amount.

**WHEREFORE,** JAYNES prays that this court declare the following pursuant to N.R.S. § 30.010, et. seq.

A. That pursuant to the MT. HAWLEY insurance policy and additional insured endorsement, MT. HAWLEY owed and continues to owe JAYNES a defense and indemnification from the Lorraine Fee claims insofar as JAYNES may be found vicariously liable for the acts of Jeff Lackey Grading;

B. That pursuant to the MT. HAWLEY insurance policy and additional insured endorsement, MT. HAWLEY owed and continues to owe JAYNES a defense and indemnification from the Lorraine Fee claims insofar as JAYNES may be found to have acted independently negligent;

C. That the Court declare that MT. HAWLEY has already breached its duty to defend JAYNES from the Lorraine Fee claims;

D. That JAYNES be awarded as damages any amounts it has spent in defending the Lorraine Fee claims, including costs, attorney's fees, interest and if applicable any amounts JAYNES has expended to settle with or satisfy a judgment obtained by Lorriane Fee;

E. That JAYNES be awarded as damages any amounts it has spent in bringing this declaratory judgment action, including costs, attorney's fees and interest;

F. That the Court enter any other judgment it deems just and proper;

**DATED** this 31st day of March, 2006.

**PORTER & TERRY, LLC**

By [signature]

**GREGORY T. HAFEN, ESQ.**
Nevada Bar No. 000961
**ADAM J. BREEDEN, ESQ.**
Nevada Bar No. 008768
525 South Ninth Street
Las Vegas, Nevada 89101
(702) 384-5800
*Attorneys for Jaynes Corporation*

PORTER & TERRY, LLC
525 SOUTH NINTH STREET
LAS VEGAS, NEVADA 89101

3813
STATE OF NEVADA
COMMISSIONER OF INSURANCE
2501 E. Sahara Avenue, Suite 302
Las Vegas, Nevada 89104

Return Service Requested

CERTIFIED MAIL

7005 0390 0000 0408 6554

LAS VEGAS NV APR 19'06

U.S. POSTAGE
05.12
H METER546381

RETURN RECEIPT REQUESTED

MARY BETH NEBEL
RLI INSURANCE COMPANY
AGENT FOR MT HAWLEY INS CO
9025 N LINDBERGH DRIVE
PEORIA IL 61615

61615+1431-25 C054