**GREGORY T. HAFEN, ESQ.**
Nevada Bar No. 000961
**ADAM J. BREEDEN, ESQ.**
Nevada Bar No. 008768
**PORTER & TERRY, LLC**
525 South Ninth Street
Las Vegas, Nevada 89101
(702) 384-5800
*Attorneys for Plaintiff Jaynes Corp.*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| JAYNES CORPORATION,<br><br>Plaintiff,<br><br>vs.<br><br>RLI INSURANCE COMPANY d/b/a MT. HAWLEY INSURANCE COMPANY; DOE DEFENDANTS I-X, inclusive and ROE CORPORATIONS I-X, inclusive,<br><br>Defendants. | CASE NO. CV-S-06-00620-BES-LRL |

**MOTION FOR PARTIAL SUMMARY JUDGMENT AS TO DUTY TO DEFEND & MOTION TO EXCLUDE DEFENSE EXPERT AND REPORT**

NOW COMES the Plaintiff, JAYNES CORPORATION, through its attorney ADAM J. BREEDEN, ESQ of the law firm PORTER & TERRY, LLC and submits the following Motion for Partial Summary Judgment in accordance with F.R.C.P. 56. Summary judgment in favor of JAYNES is appropriate because there are no genuine issues of material fact as to the duty to defend issue presented to the court by this motion and JAYNES is entitled to judgment as a matter of law. JAYNES also moves to exclude the expert of Defendant MT. HAWLEY. This motion is based on the pleadings and papers on file herein, the points and authorities and exhibits attached, and such oral argument as may be allowed by this Court at the time of the hearing on this matter.

PORTER & TERRY, LLC
525 SOUTH NINTH STREET
LAS VEGAS, NEVADA 89101

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. Introduction

This declaratory relief action has arisen as a result of an insurance company that somehow thinks it is immune from decades of precedent and hundreds of cases regarding the broad duty of an insurer to defend its insured from claims even potentially covered under its policy. This Motion for Partial Summary Judgment seeks the Court's legal determination that Defendant MT. HAWLEY INSURANCE COMPANY has breached its duty to defend Plaintiff JAYNES CORPORATION in an underlying state court action which remains pending.

This Motion pertains only to the notoriously-broad duty to defend. JAYNES does not seek a ruling as to the duty of MT. HAWLEY to indemnify JAYNES at this time.

JAYNES also moves to exclude MT. HAWLEY's expert, Barbara Malloy, P.E. and her report on the grounds that she has an insufficient basis for her opinions as a matter of law under Nevada law.

## II. Facts

JAYNES is a general contractor doing business in Clark County, Nevada. On July 17, 2003 JAYNES entered into a subcontract with a third party, Jeff Lackey Grading, Inc., in order to perform paving work at a Wal-Mart store in Las Vegas.[1] Jeff Lackey Grading was insured by Defendant MT. HAWLEY INSURANCE COMPANY.[2] As is customary in the construction industry and pursuant to the subcontract,[3] JAYNES was named as an additional insured on the MT. HAWLEY policy.[4]

---

[1] Subcontract, Ex. A.

[2] Mt. Hawley CGL Policy, Ex. B. Exhibits B, C and F are all documents provided by Mt. Hawley insurance (the adverse party) and therefore require no additional authentication. *Orr v. Bank of Am.*, 285 F.3d 764, 777 n20 (9th Cir. 2002) (citing *Maljack Prods., Inc. v. GoodTimes Home Video Corp.*, 81 F.3d 881, 889 (9th Cir. 1996), *Snyder v. Whittaker Corp.*, 839 F.2d 1085, 1089 (5th Cir. 1988) and 31 *Federal Practice & Procedure: Evidence* § 7105 at 39).

[3] Subcontract, Ex. A, at exhibit F to subcontract.

[4] Certificate and Endorsement as to Additional Insured status, Ex. C.

PORTER & TERRY, LLC
525 SOUTH NINTH STREET
LAS VEGAS, NEVADA 89101

On January 3, 2004 an elderly woman named Lorraine Fee tripped and fell on the pavement area where Jeff Lackey Grading had been working.[5] Photographs of the disputed area are attached.[6] Ms. Fee later filed a lawsuit against Wal-Mart, JAYNES and Jeff Lackey Grading, Inc. in state court in Clark County, Nevada. A copy of this complaint is attached.[7] In her complaint, Ms. Fee alleged that she sustained personal injuries as a result of the incident. She has allegedly had several operations to her left wrist following the incident as well as soft tissue injuries. A review of the complaint shows two causes of action against JAYNES. First, the complaint alleges that JAYNES is <u>vicariously</u> liable for the negligent paving of the parking lot conducted by Jeff Lackey Grading.[8] Second, the complaint alleges that JAYNES was <u>independently</u> negligent because it "negligently hired trained and supervised its' [sic] employees and/or sub-contractors" that subcontractor being Jeff Lackey Grading.[9]

To JAYNES the allegations of the complaint were a textbook example of why coverage is obtained for a general contractor pursuant to an additional insured endorsement on the subcontractor's policy. JAYNES tendered the defense and indemnity of the Lorraine Fee complaint to MT. HAWLEY.[10] MT. HAWLEY refused to either defend or indemnify JAYNES.[11] Although MT. HAWLEY'S policy was clear, MT. HAWLEY unilaterally determined that the actual cause of Lorriane Fee's accident would eventually be found by a jury or finder of fact to be "earth movement" or settling of subsoil/base. MT. HAWLEY retained Barbara Malloy, P.E. to give an expert opinion as to the cause of the accident.[12]

---

[5] Lorraine Fee complaint, Ex. D.

[6] Photographs of accident scene, Ex. E.

[7] Lorraine Fee complaint, Ex. D.

[8] Lorraine Fee complaint, Ex. D at pg. 8, ¶XXIII

[9] Lorraine Fee complaint, Ex. D at pg. 7-8 ¶¶XXI-XXII.

[10] Tender of defense correspondence, Ex. G.

[11] Tender of defense correspondence, Ex. G letters of July 20, 2005 & March 20, 2006.

[12] Malloy report, Ex. F.



PORTER & TERRY, LLC
525 SOUTH NINTH STREET
LAS VEGAS, NEVADA 89101

Perhaps not surprisingly since MT. HAWLEY retained her, Ms. Malloy found that the cause of the Lorraine Fee incident was earth movement—a condition excluded by MT. HAWLEY'S policy.[13] On the basis of Ms. Malloy's report, MT. HAWLEY denied JAYNES' tender of defense and indemnity.

Neither JAYNES nor Jeff Lackey Grading agreed with MT. HAWLEY'S one-sided determination of coverage.[14] Frankly, MT. HAWLEY assumed in a one-sided manner that the cause of the fall was earth movement in order to justify a denial of indemnification under its policy of insurance. However, there has been no factual determination of the cause of Lorraine Fee's fall and, in fact, it seems far more reasonable that Ms. Fee, an elderly woman, simply tripped and fell rather than falling because of some complex shifting and settling of the earth. The photographs of the area show that Ms. Fee fell in an area where there was a small height differential between the newly-paved lot and the old lot. To make the area safer, a temporary patch of asphalt was placed around the seam. The work was simply done that way—that condition did not arise as a result of "earth movement." Notably, Ms. Fee did not even allege in her complaint that the accident was caused due to settling or earth movement.

The thrust of JAYNES' present Motion is that MT. HAWLEY is not entitled to deny JAYNES a defense based on its own factual assumptions regarding the cause of the fall in this case. Regardless of whether MT. HAWLEY ultimately owes JAYNES indemnification, it must still at least pay for defense costs of JAYNES.

## III. Points and Authorities

### A. The potential scope of coverage afforded to JAYNES is broad.

The scope of MT. HAWLEY's potential coverage for JAYNES is broad. MT. HAWLEY issued an additional insured endorsement which covers the additional insured

---

[13] Malloy report, Ex. F. The "Earth Movement" exclusion to Mt. Hawley's policy is contained in its endorsements after the main CGL policy terms, Ex. B.

[14] Jeff Lackey Grading's position is that the temporary asphalt layer between parking lots deteriorated under foot and vehicular traffic due to its lack of thickness and support—no "earth movement" under the pavement caused this condition. Tender of Defense correspondence, Ex. G, Letter of August 15, 2005.

PORTER & TERRY, LLC
525 SOUTH NINTH STREET
LAS VEGAS, NEVADA 89101

as if it were the named insured, with the only condition to coverage being that the potential liability "arises out of" the operations of the named insured, in this case Jeff Lackey Grading.[15] There can be no dispute, since the allegations of Ms. Fee's complaint allege negligent workmanship by Jeff Lackey Grading, that the "arising out of" clause is satisfied. The policy also clearly states that MT. HAWLEY has the "duty to defend the insured" against causes of action for bodily injury.[16]

Therefore, MT. HAWLEY owes a duty to defend JAYNES for its potential vicarious liability for any negligent workmanship by Jeff Lackey Grading. Further, because the older endorsement used by MT. HAWLEY does not contain any limiting clauses, Courts throughout the United States have held that the scope of coverage afforded under the additional insured endorsement extends to JAYNES' own, potential, independent negligence as well.[17]

PORTER & TERRY, LLC
525 SOUTH NINTH STREET
LAS VEGAS, NEVADA 89101

---

[15] Certificate and Endorsement, Ex. C.

[16] Mt. Hawley Ins. Policy, Ex. B at pg. 1, Section 1(a).

[17] *Vitton Construction Co., Inc. v. Pacific Ins. Co.*, 2 Cal. Rptr. 3d 1 (Cal. App. 2003) ("the fact that an accident is not attributable to the named insured's negligence is irrelevant when the additional insured endorsement does not purport to allocate or restrict coverage according to fault"); *Fireman's Fund Ins. Cos. v. Atlantic Richfield Co.*, 115 Cal. Rptr. 2d 26, 33-34 (Cal. App. 2001). (rejecting insurer's arguments that additional insured coverage was limited to vicarious liability for the named insured's negligence); *Meadow Valley Contrs., Inc. v. Transcon. Ins. Co.*, 27 P.3d 594 (Utah 2001) (Utah Court of Appeals upheld lower court ruling that the broad "arising out of" language in additional insured endorsement did not limit coverage to the negligence of the named insured); *Acceptance Ins. Co. v. Syufy Enters.*, 69 Cal. App. 4th 321, 330; 81 Cal. Rptr. 2d 557, 562-563 (Cal. App. 1999) (finding that the additional insured is covered under the policy regardless of whether the named insured was negligent); *Admiral Ins. Co. v. Trident NGL, Inc.*, 988 S.W.2d 451, 454 (Tx App. 1999) ("The majority view of these cases is that for liability to 'arise out of operations' of a named insured it is not necessary for the named insured's acts to have 'caused' the accident."); *Merchants Ins. Co. v. United States Fid. & Guar. Co.*, 143 F.3d 5 (1st Cir. 1998) (additional insured endorsement is interpreted broadly and covers the additional insured "both for its own negligence and to the extent that it might be deemed vicariously liable [for the subcontractor]."); *Township of Springfield v. Ersek*, 660 A.2d 672, 676 (Pa. Comm. 1995). (finding that the Township additional insured's demand for indemnification did not rest upon allegations that the named insured was negligent because "The clear language of the policy [and additional insured endorsement] requires Phoenix to defend and indemnify the Township for the Township's own alleged negligence."); *Consolidated Edison Co. v. Hartford Ins. Co.*, 610 N.Y.S.2d 219, 221 (N.Y. App. Div. 1994). (reversing the lower court and finding broad additional insured coverage because "The fact that the cause of the injury may have been [the additional insured's] fault, or due to [the additional insured's] negligence, is immaterial."); *McIntosh v. Scottsdale Ins. Co.*, 992 F.2d 251, 254 (10th Cir. 1993) (finding that an additional insured endorsement did not limit coverage to the additional insured for vicarious liability for the named insured's acts); *Philadelphia Electric Co. v. Nationwide Mut. Ins. Co.*, 721 F. Supp. 740, 742-743 (E.D. Pa. 1989). (finding that coverage extended to an additional insured went beyond vicarious liability to include negligence attributable to the additional insured itself); *Casualty Ins. Co. v. Northbrook Property & Casualty Ins. Co.*, 501

PORTER & TERRY, LLC
525 SOUTH NINTH STREET
LAS VEGAS, NEVADA 89101

Therefore, if JAYNES were found to have negligently hired or supervised Jeff Lackey Grading or otherwise acted independently negligent, MT. HAWLEY would owe JAYNES coverage for that as well. While coverage for JAYNES appears clear in this case, actual coverage or the duty to indemnify does not have to be determined before MT. HAWLEY owes JAYNES the duty to defend JAYNES from the Fee claims.

**B. The duty to defend is much broader than the duty to indemnify and MT. HAWLEY owes JAYNES a defense from the Lorraine Fee claims.**

It is a basic tenant of insurance law that an insurer's duty to defend is broader than its duty to indemnify.[18] "Generally, the duty to defend is triggered by allegations within the complaint in the underlying suit against the insured that 'arguably' or 'potentially' bring the suit under the policy's provisions."[19] The actual merits of the underlying suit, or the insurer's opinion of the suit's merits, are immaterial when considering the duty to defend. This is because an insurer, to abide by its contractual duty to defend, must accept that the allegations of a complaint are true and can be proven against the insured. Any other interpretation of the duty to defend would leave the insured, who has bargained for a defense from all claims potentially covered by his insurance, abandoned to defend the claims without his insurer. The law in this area was well-stated by the Ninth Circuit Court of Appeals as follows:

> The first step in determining whether the duty to defend is triggered is to compare the allegations of the complaint - and "facts extrinsic to the complaint" - with the policy terms to see if they "reveal a possibility that the claim may be covered by the policy." This determination "turns on all facts known by the insurer at the inception of the third party lawsuit." Furthermore, ***"the insurer must defend an action against its insured even though it has independent knowledge of facts not in the***

N.E.2d 812, 815 (Ill. App. 1986) (holding that because the additional insured endorsement did not contain an exclusion limiting coverage for the additional insured to the named insured's negligence, the policy provided broad coverage to the additional insured); *Mikula v. Miller Brewing Co.*, 701 N.W.2d 613 (Wis. App. 2005) ("there need not be negligence alleged against the named insured for the additional insured to be covered."). *Dillon Cos. v. Royal Indem. Co.*, 369 F. Supp. 2d 1277, 1286 (Dist. Kan. 2005) (finding ambiguity in additional insured endorsement language and interpreting the language broadly to encompass more than vicarious liability for the named insured).

[18] Rockwood Ins. Co. v. Federated Capital Corp., 694 F. Supp. 772, 776 (Dist. Nev. 1988).

[19] Associated Aviation Underwriters, Inc. v. Vegas Jet, L.L.C., 106 F. Supp. 2d 1051, 1053 (Dist. Nev. 2000) (applying Nevada law).

> ***pleadings that establish that the claim is not covered."***
>
> ***Any doubt as to whether these facts trigger a duty to defend is resolved in favor of the insured.*** Furthermore, any limitations of the defense duty must be communicated to the insured in a way that is "conspicuous, plain and clear."
>
> In resolving the question of whether a duty to defend arises under a policy, the insurer has a higher burden than the insured. "The insured need only show that the underlying claim may fall within policy coverage; the insurer must prove it *cannot*." Once the insured makes a showing of potential coverage, the insurer may be relieved of its duty only when the facts alleged in the underlying suit "can by no conceivable theory raise a single issue [that] could bring it within the policy coverage." The test is not "whether non-covered acts predominate in the third party's action, but rather...whether there is any potential for liability under the policy."[20]

In this case, MT. HAWLEY had an "expert" report prepared claiming that the Lorraine Fee accident was caused by "earth movement."[21] Therefore, MT. HAWLEY claims that this entitles it to deny both coverage <u>and</u> the duty to defend.

The law does not allow MT. HAWLEY to unilaterally decide the cause of an accident in a self-interested manner so that it can avoid the contractual benefits of the defense for which JAYNES has bargained. As the case law above states, the duty to defend exists <u>whenever a loss is arguably or potentially covered</u> regardless of extrinsic facts assumed by the insurer. In this case, there has been <u>no</u> factual determination as to what caused Ms. Fee's fall. That causation determination may not be decided until the resolution of Ms. Fee's pending claim in state court. However, it is notable that Ms. Fee did not even <u>allege</u> in her complaint that earth movement or settlement was the cause of her fall. It is quite possible that a jury will ultimately find that Ms. Fee's fall was caused by something other than "earth movement." In fact, neither JAYNES nor Jeff Lackey Grading believe that the cause of the fall was "earth movement" caused by the settling of soils. The only support for MT. HAWLEY'S position is its self-

---

[20] <u>Pension Trust Fund v. Fed. Ins. Co.</u>, 307 F.3d 944, 949 (2002) (citations omitted, emphasis in original). The Ninth Circuit in <u>Pension Trust Fund</u> was applying California state law, but the <u>Rockwood</u> case indicates that California law and Nevada law do not differ on the issue of an insurer's duty to defend.

[21] Malloy Report, Ex. F.



PORTER & TERRY, LLC
525 SOUTH NINTH STREET
LAS VEGAS, NEVADA 89101

serving expert report, prepared by an expert who never even visited the accident site.

Further highlighting the flaws in MT. HAWLEY'S position, their own expert report is riddled with doubt and qualifiers as to the cause of the accident. Even accepting the report as true, according to the report, inadequately packed base soil is merely the "most likely" cause of the accident. MT. HAWLEY'S own expert cannot exclude other potential causes. In fact, on page 2 of her report, she conjectures further about other potential causes of the accident, some of which are arguably or potentially covered by MT. HAWLEY'S policy.[22]

The "expert" and her report should be excluded (see infra, Section C). Yet regardless of whether the report is admissible, JAYNES is alleged to have caused injuries to Ms. Fee and these claims are arguably or potentially covered by MT. HAWLEY'S policy. There has been no factual determination by a court as to whether "earth movement" caused the accident and MT. HAWLEY is not entitled to assume the same at this stage of the litigation merely for its own self-interests. Therefore, MT. HAWLEY owes JAYNES a defense from the Lorraine Fee claim.

**C. The testimony and report of Barbara Malloy, P.E., the "expert" for MT. HAWLEY, should be excluded under Nevada law as having an improper basis in conjecture and speculation.**

Further, JAYNES does not concede the admissibility of the Malloy expert report prepared for MT. HAWLEY. To the contrary, JAYNES moves to exclude the report and any testimony from Ms. Malloy since she lacked the proper basis under Nevada law to render her opinions. A review of the report itself indicates that Ms. Malloy did not personally go to the accident site, nor did she perform actual soil testing. Instead, she received a statement of facts from "the client"—which she states is MT. HAWLEY as opposed to the insureds—and viewed photographs of the area.

Ms. Malloy and her report do not even come close to Nevada's requirements for

22 Malloy report, Ex. F. "Damage shown in the supplied photographs is typical of damage that **might** be expected of asphaltic concrete placed during unfavorable conditions. It is **likely** that hairline shrinkage cracks formed **or** that there was no bond at the edge of the join between the patch and the existing pavement. However, the main cause of the distress is that the base course moved due to the compactive force of the vehicular traffic." (Emphasis added).

PORTER & TERRY, LLC
525 SOUTH NINTH STREET
LAS VEGAS, NEVADA 89101

admissibility of expert opinions. "[A]n expert may not base an opinion on mere speculation or conjecture..." *Jeep Corp. v. Murray*, 708 P.2d 297, 299 (Nev. 1985). Where an accident reconstructionist has not personally inspected the accident scene nor viewed the relevant physical evidence personally nor conducted his or her own testing, under Nevada law they are incompetent to render opinions and their report and testimony should be excluded. *Powers v. Johnson*, 555 P.2d 1235, 236 (Nev. 1976) (finding prejudicial error to allow expert to testify when expert did not visit scene for 3 ½ years after the accident and never personally inspected vehicles involved); *Gordon v. Hurtado*, 541 P.2d 533, 534-535 (Nev. 1975) (holding that expert's report based mostly on "assumption, speculation and conjecture" was inadmissible); *Levine v. Remolif*, 390 P.2d 718, 719 (Nev. 1964) (expert opinions excluded for lack of personal inspection of physical evidence). Although Nevada state law should apply to this case, this Court has repeatedly ruled that the federal rules of evidence also do not allow admission of expert testimony when the expert has failed to personally inspect and test the relevant evidence necessary to provide opinions. *Culbertson v. Freightliner Corp.*, 50 F. Supp. 2d 998, 999 (D. Nev. 1999) (excluding expert who failed to conduct any testing, failed to personally inspect the allegedly defective tractor seat and relevant maintenance records and yet gave an opinion as to the "likely" cause of the accident); *Goodwin v. Danek Med.*, 1999 U.S. Dist. LEXIS 19121 at *5 (Dist. Nev. 1999) (excluding expert report in part because expert never personally examined patient nor viewed the medical screws alleged to have caused injury).

Ms. Malloy and her report in this case is a perfect example of an expert and report that must be excluded. From a review of the report, it is apparent that MT. HAWLEY'S expert:

(1) Did not physically visit the accident scene,

(2) Prepared her report 1 ½ years after the accident

(3) Performed no soil testing despite rendering an opinion that the accident was caused by "earth movement" and erosion/compaction of soil;

PORTER & TERRY, LLC
525 SOUTH NINTH STREET
LAS VEGAS, NEVADA 89101

(4) By her own report did not even know the composition of the soil involved;[23]

(5) Did not interview Ms. Fee; and

(6) Based her opinion as to complex issues of soil erosion and compaction mostly on a photograph of the surface asphalt which does not even show the soil;

Despite not having any of this information, the "expert" made a complex opinion as to soil composition and settling and came up with the results-oriented report desired by MT. HAWLEY.

The Court cannot allow testimony or a report from an "expert" whose investigation consisted mainly of looking at a photograph. JAYNES is baffled as to how the photograph could tell Ms. Malloy enough information to make a scientific judgment as to soil composition, soil compaction, soil erosion, soil density, soil moisture, "earth movement" and the cause of this accident. The report and Ms. Malloy's testimony is based on pure speculation and conjecture and must be excluded by the Court pursuant to Nevada law.

**D. The relief sought by JAYNES**

JAYNES seeks a Court order declaring that MT. HAWLEY has breached its duty to defend JAYNES in the Lorraine Fee case. JAYNES further seeks a Court order directing MT. HAWLEY to pay the attorney's fees and costs of JAYNES already incurred in defending the Lorraine Fee case and to pay such further fees and costs as submitted by JAYNES' attorneys.

JAYNES also seeks a Court order excluding witness Barbara Malloy, P.E. and her report for failing to personally inspect the accident scene, failing to inspect the physical evidence, failing to conduct any testing and as being based on pure conjecture and speculation. These factors make her incompetent to testify as an expert under Nevada law.

## IV. Conclusion

MT. HAWLEY's position as to the duty to defend has no merit. There has been no factual determination as to the cause of the Lorraine Fee accident and therefore no basis for

[23] Malloy report, Ex. F at pg. 2 ("…the exact composition of the base course and native materials at the site are not known…").

PORTER & TERRY, LLC
525 SOUTH NINTH STREET
LAS VEGAS, NEVADA 89101

PORTER & TERRY, LLC
525 SOUTH NINTH STREET
LAS VEGAS, NEVADA 89101

MT. HAWLEY to deny the duty to defend. As the Ninth Circuit itself noted in the *Pension Trust Fund* case, an insurer is not entitled to unilaterally resolve factual issues in its own favor merely so that it can deny indemnification and the duty to defend. The duty to defend is triggered whenever a claim is arguably or potentially covered under the policy. The duty to defend is broader than the duty to indemnify and allowing an insurer to assume facts extrinsic to the complaint would deny the insured (JAYNES) the benefit of the agreement to defend and pay defense costs and fees under the insurance contract.

Further, the testimony and report of MT. HAWLEY'S expert Barbara Malloy, P.E. must be excluded. From her own report, the basis of her complex, scientific opinion is primarily if not exclusively based on viewing a photograph of the area. She has neither personally visited the accident site nor conducted testing of the soils involved. In fact, although she gives an expert opinion that the accident in the underlying case was caused by soil compaction or "earth movement," she admits in her report that she does not even know the composition of the base course and native materials at the site. An expert's report cannot be based on mere speculation and conjecture and Ms. Malloy's testimony and report should be excluded.

JAYNES seeks an order directing MT. HAWLEY to pay JAYNES' attorney's fees and costs incurred in defending the Lorraine Fee claim as well as an order excluding Ms. Malloy and her opinions from this case.

**DATED** this 10th day of July, 2006

**PORTER & TERRY, LLC**

[signature]

**GREGORY T. HAFEN, ESQ.**
Nevada Bar No. 000961
**ADAM J. BREEDEN, ESQ.**
Nevada Bar No. 008768
**PORTER & TERRY, LLC.**
525 S. Ninth Street
Las Vegas, NV 89101
Phone (702) 384-5800
Fax (702) 384-6580
e-mail: abreeden@porterterrylaw.com
*Attorneys for Plaintiff Jaynes Corp.*