MICHAEL W. MELENDEZ (No. 6741)
E-mail: mmelendez@mvlawgroup.com
MELENDEZ & VACA, LLP
1850 Mt. Diablo Boulevard, Suite 470
Walnut Creek, CA 94596
Telephone: (925) 256-8706
Facsimile: (925) 256-6761

DAVID MINCIN (No. 5427)
E-mail: dmincin@lawlasvegas.com
RICHARD MCKNIGHT, P.C.
330 South Third Street, Suite 900
Las Vegas, NV 89101
Telephone: (702) 388-7185
Facsimile: (702) 388-0108

Attorneys for Defendant
MT. HAWLEY INSURANCE COMPANY,
erroneously sued herein as RLI Insurance
Company d/b/a Mt. Hawley Insurance Company

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| JAYNES CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>MT. HAWLEY INSURANCE COMPANY; DOES DEFENDANTS I-X, inclusive and ROE CORPORATIONS I-X, inclusive,<br><br>Defendants. | No. CV-S-06-620<br><br>MT. HAWLEY INSURANCE COMPANY'S SEPARATE STATEMENT IN OPPOSITION TO JAYNES CORPORATION'S MOTION FOR PARTIAL SUMMARY JUDGMENT AND IN SUPPORT OF MT. HAWLEY'S MOTION FOR SUMMARY JUDGMENT |

Defendant Mt. Hawley Insurance Company submits this separate statement of undisputed facts in support of its motion for summary judgment and in opposition to plaintiff Jaynes Corporation's motion for partial summary judgment.

| UNDISPUTED FACT | SUPPORTING EVIDENCE |
|---|---|
| 1. In Fee v. Wal Mart Corp., District Court of Nevada, Clark County, Case No. A5144227 (the "Underlying Action"), plaintiff Lorraine Fee seeks damages for injuries she allegedly suffered from falling on or about January 3, 2004 in the parking lot of a | 1. Complaint from Underlying Action, Request for Judicial Notice ("RJN"), Exh. A. |

| | | | |
|---|---|---|---|
| | Wal Mart store located in Las Vegas, Nevada. | | |
| 2. | In the Underlying Action, plaintiff Fee alleges that irregularities in the parking lot's asphalt caused her fall. | 2. | Underlying Complaint, RJN, Exh. A. |
| 3. | Jaynes Corporation served as the general contractor for the parking lot. | 3. | Underlying Complaint, RJN, Exh. A. |
| 4. | Jeff Lackey Grading served as the paving subcontractor for the parking lot. | 4. | Underlying Complaint, RJN, Exh. A. |
| 5. | In the Underlying Action, Ms. Fee alleges that Lackey's negligent work created the pavement irregularities that caused her injury, and that Jaynes is vicariously liable to her under the doctrine of respondeat superior. | 5. | Underlying Complaint, RJN, Exh. A. |
| 6. | In the Underlying Action, Ms. Fee further alleges that Jaynes in liable for its independent negligence in hiring, training and supervising its employees and subcontractors, including Lackey. | 6. | Underlying Complaint, RJN, Exh. A. |
| 7. | Mt. Hawley and Lackey entered into a commercial general liability insurance contract (No. MGL 0132517) for the period August 1, 2003 to August 1, 2004 (the "Insurance Contract"). | 7. | Affidavit of Andrea J. Dean ("Dean Aff."), Exh. G. |
| 8. | The Insurance Contract provides that Mt. Hawley will defend and indemnify the insured against suits seeking "bodily injury" to which the Insurance Contract applies. | 8. | Dean Aff., Exh. G, p. 0004. |
| 9. | "Bodily injury" is defined under the Insurance Contract as "bodily injury, sickness or disease sustained by a person . . . ." | 9. | Dean Aff., Exh. G, p. 0013. |
| 10. | Jaynes is designated as an additional insured under the Insurance Contract, but only with respect to liability "arising out of" Lackey's "work." | 10. | Dean Aff., Exh. G, pp. 0024, 0068. |
| 11. | The Insurance Contract includes an "Exclusion — Earth Movement" endorsement, which provides that "[t]his insurance does not apply to any claim for 'bodily injury,' . . . caused by, arising out of, related to, resulting | 11. | Dean Aff., Exh. G, p. 0032. |

| | | | |
|---|---|---|---|
| | from, contributed to, or aggravated by any 'movement of land or earth.'" | | |
| 12. | "Movement of land or earth" is defined in the "Exclusion — Earth Movement" as "Movement in any direction, including but not limited to, instability, riding, upheaval, expansion, subsidence, settling, shrinkage, slipping, falling away, tilting, caving in, eroding, shifting in a horizontal or sideways direction, mud flow, mudslide or earthquake or any other movement of land or earth, regardless of cause. | 12. | Dean Aff., Exh. G, p. 0032. |
| 13. | On or about March 11, 2005, Mt. Hawley received notice of Jaynes' demand that Mt. Hawley indemnify it against Ms. Fee's then pre-litigation claims. | 13. | Affidavit of Rochelle Clark ("Clark Aff."), ¶ 2. |
| 14. | Mt. Hawley contacted Lackey to determine how the alleged irregularities in the parking lot asphalt arose. | 14. | Clark Aff., ¶ 3. |
| 15. | Lackey informed Mt. Hawley that it was requested to proceed with the paving job on November 19, 2003, but because of recent rains recommended against it until the underlying soil dried. | 15. | Clark Aff., ¶ 3. |
| 16. | Lackey warned Jaynes and Wal Mart that paving under the then-current conditions would result in cracked and uneven asphalt because the asphalt would shift when the soil settled. | 16. | Clark Aff., ¶¶ 3, 4, Exh. B. |
| 17. | Despite the warning, Wal Mart insisted on proceeding with paving. | 17. | Clark Aff., ¶ 4, Exh. B. |
| 18. | Because paving under wet conditions meant that the asphalt would fail due to settling, Lackey insisted that any further repairs to the asphalt would be at additional cost. | 18. | Clark Aff., ¶ 4, Exh. B. |
| 19. | A soils engineer, Michael Swenson at Kleinfelder, advised that laying the asphalt under the wet conditions was unwise. | 19. | Clark Aff., ¶ 4, Exh. B. |
| 20. | A "daily field report" entry prepared by Lackey superintendent Gary Handyside | 20. | Clark Aff., ¶ 5, Exh C. |

| | | | |
|---|---|---|---|
| | on November 19, 2003, the day of the paving, states "the type II Base is to [sic] wet to pave!!!" | | |
| 21. | Mr. Handyside's field note also states that the decision to pave despite the conditions was made by Wal Mart, and that "[Jaynes] & Walmart . . . agreed after Christmas to tear out any bad spot and fix at that time we would do the overlay." | 21. | Clark Aff., ¶ 5, Exh C. |
| 22. | Ultimately, repairs were done to the asphalt pursuant to a "subcontract change order." That change order described the work as follows: "Remove and repair areas that where [sic] damaged by bad wether [sic] conditions at the time of paving: $5,544.00." | 22. | Clark Aff., ¶ 6, Exh. D. |
| 23. | Barbara Malloy, a licensed professional engineer was retained by Mt. Hawley to determine the cause of the asphalt irregularities. | 23. | Clark Aff., ¶ 7. |
| 24. | Ms. Malloy reviewed the available records and concluded that the cracking in the asphalt was "most likely attributed to placement of the asphalt during inclement conditions." | 24. | Clark Aff., ¶ 7, Exh. E. |
| 25. | On or about July 20, 2005, Mt. Hawley wrote to Jaynes, explaining the application of the "earth movement" exclusion and requesting additional facts or information Jaynes may believe is relevant to the coverage analysis. | 25. | Clark Aff., ¶ 7, Exh. F. |
| 26. | In response, the only information provided to Mt. Hawley was a copy of the <u>Fee</u> action amended complaint, which contained no allegations or evidence contrary to the statements of Lackey or Ms. Malloy. | 26. | Clark Aff., ¶ 7. |
| 27. | On March 20, 2006, Mt. Hawley again wrote to Jaynes explaining the application of the "earth movement" exclusion and again inviting Jaynes to provide information to demonstrate that the exclusion did not apply. | 27. | Dean Aff., ¶ 3, Exh. H. |

| | |
|---|---|
| 28. Jaynes did not respond to Mt. Hawley's March 20, 2006 letter. | 28. Dean Aff., ¶ 3. |

Dated: July 28, 2006

Respectfully submitted,

MELENDEZ & VACA, LLP

By:____________________________

Michael W. Melendez

Attorneys for Defendant MT. HAWLEY INSURANCE COMPANY, erroneously sued herein as RLI Insurance Company d/b/a Mt. Hawley Insurance Company