MICHAEL W. MELENDEZ (No. 6741)
E-mail: mmelendez@mvlawgroup.com
MELENDEZ & VACA, LLP
1850 Mt. Diablo Boulevard, Suite 470
Walnut Creek, CA 94596
Telephone: (925) 256-8706
Facsimile: (925) 256-6761

DAVID MINCIN (No. 5427)
E-mail: dmincin@lawlasvegas.com
RICHARD MCKNIGHT, P.C.
330 South Third Street, Suite 900
Las Vegas, NV 89101
Telephone: (702) 388-7185
Facsimile: (702) 388-0108

Attorneys for Defendant
MT. HAWLEY INSURANCE COMPANY,
erroneously sued herein as RLI Insurance
Company d/b/a Mt. Hawley Insurance Company

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| JAYNES CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>RLI INSURANCE COMPANY d/b/a MT. HAWLEY INSURANCE COMPANY; DOES DEFENDANTS I-X, inclusive and ROE CORPORATIONS I-X, inclusive,<br><br>Defendants. | No. CV-S-06-00620-BES-LRL<br><br>MT. HAWLEY'S REQUEST FOR JUDICIAL NOTICE IN OPPOSITION TO JAYNES' MOTION FOR SUMMARY JUDGMENT AND TO EXCLUDE DEFENSE EXPERT AND REPORT, AND IN SUPPORT OF MT. HAWLEY'S MOTION FOR SUMMARY JUDGMENT |

Defendant Mt. Hawley Insurance Company hereby respectfully requests that the Court take judicial notice of the operative amended complaint filed in the action entitled Fee v. Wal Mart Corp., District Court of Nevada, Clark County, Case No. A51442277, a true and correct copy of which is attached hereto as Exhibit A.

Dated: July 28, 2006

MELENDEZ & VACA, LLP

By: [signature]
Michael W. Melendez

EXHIBIT A

Case 2:06-cv-00620-BES-LRL Document 14 Filed 07/17/2006 Page 18 of 28

ACOMP
DAVID S. GIBSON, JR., ESQ.
Nevada Bar No. 008084
MILLS & MILLS, LLC
502 S. Ninth Street
Las Vegas, Nevada 89101
702/ 386-0030
Attorneys for Plaintiff

FILED
JAN 6 12 09 PM '06
CLERK

DISTRICT COURT

CLARK COUNTY, NEVADA

LORRAINE FEE,

Plaintiff,

v.

WAL-MART STORES, INC., A Foreign Corporation, JEFF LACKEY GRADING, INC., A Domestic Corporation, JAYNES CORPORATION, A Foreign Corporation, , DOE Individuals I-X, and ROE Entities I-X, Inclusive,

Defendants.

CASE NO.: A514227
DEPT. NO.: X

# AMENDED COMPLAINT

COMES NOW the Plaintiff, LORRAINE FEE, by and through her attorney, DAVID S. GIBSON, JR., ESQ., of the law firm of MILLS & MILLS, L.L.C., and for a cause of action against the Defendants, Complains as follow:

I.

Upon information and belief, that at all times relevant to this action, the Defendant, WAL-MART STORES, INC. (hereinafter "WAL-MART") is a foreign corporation duly and legally licensed to conduct business and is currently doing business in the County of Clark, State of Nevada.

RECEIVED
JAN 09 2006

II.

Upon information and belief, that at all times relevant to this action, the Defendant, JAYNES CORPORATION (hereinafter "JAYNES") is a foreign corporation duly and legally licensed to conduct business and is currently doing business in the County of Clark, State of Nevada.

III.

Upon information and belief, that at all times relevant to this action, the Defendant, JEFF LACKEY GRADING, INC. (hereinafter "JEFF") is a domestic corporation duly and legally licensed to conduct business and is currently doing business in the County of Clark, State of Nevada.

IV.

That Plaintiff, LORRAINE FEE, (hereinafter referred to as Plaintiff) on or about January 3, 2004, was a resident of Clark County, State of Nevada visiting the premises of Defendant, WAL-MART, located in County of Clark, State of Nevada.

V.

That Plaintiff is currently a resident of Treasure Canyon County, State of Idaho.

....

....

....

....

....

....

....

VI.

That Defendants DOE individuals are persons whose true names and capacities are currently unknown to Plaintiff, who therefore sues said Defendants by such fictitious names. Plaintiff is informed and believes and thereon alleges that each of the Defendants designated herein as DOE is responsible in some manner for the injuries and damages suffered by Plaintiff as a result of the events and happenings referred to herein and caused damages proximately to Plaintiff as herein alleged, and that Plaintiff will seek leave of this court to amend this Complaint to insert the true names and capacities of said defendants when the same have been ascertained to join such Defendants in this action.

VII.

That the true names and capacities, whether corporate, partnership, associate or otherwise, of Defendants, ROE entities, are unknown to Plaintiff, who therefore sues said Defendants by such fictitious names. Plaintiff is informed and believes and thereon alleges that each of the Defendants designated herein as ROE entities are responsible in some manner for the events and happenings referred to and caused damages proximately to Plaintiff as herein alleged, and that Plaintiff will ask leave of this Court to amend this Complaint to insert the true names and capacities of ROES I through X, when the same have been ascertained, and to join such Defendants in this action.

....

....

....

....

....

Case 2:06-cv-00620- 3-LRL Document 14 Filed 07/1_ 006 Page 21 of 28

VIII.

DOES I through X and ROE CORPORATIONS I through X may be employers of Defendant who may be liable for Defendant's negligence pursuant to NRS 41.130, which states:

> Except as otherwise provided in NRS 41.745, whenever any person shall suffer personal injury by wrongful act, neglect or default of another, the person causing the injury is liable to the person injured for damages; and where the person causing the injury is employed by another person or corporation responsible for his conduct, that person or corporation so responsible is liable to the person injured for damages.

IX.

DOE / ROE Defendants may also be any other person or entity responsible for the damages caused to Plaintiff, through actions or contract. DOE / ROE Defendants are intended to include not only persons or entities whose actions are responsible for the Plaintiff's injuries, but also persons or entities who may be financially liable to compensate Plaintiff for her damages.

X.

That upon information and belief, at all times relevant to this action, the Defendant, WAL-MART, and each of the Defendants, were the owners, lessees or permitted occupants who occupied, operated, maintained and controlled of those premises located at 1807 West Craig Road, Las Vegas, Nevada 89032.

....

....

....

....

**FIRST CAUSE OF ACTION:**

**DEFENDANT, WAL-MART's, NEGLIGENCE / PREMISES LIABILITY**

**XI.**

Plaintiff re-alleges and incorporates paragraphs I-X as though fully set forth herein.

**XII.**

Upon information and belief, Defendant WAL-MART, was and is the owner or was in control of the premises located at store no. 2592, 1807 West Craig Road, Las Vegas, Nevada 89032 at all times relevant to this action.

**XIII.**

On or about January 3, 2004, Plaintiff was walking to her vehicle, which was located in Defendant, WAL-MART's, parking lot when she fell, due to uneven pavement, causing serious injuries to Plaintiff.

**XIV.**

Defendant, WAL-MART, had a duty to maintain the entry-exit ways, including the parking lot, to WAL-MART store no. 2592, 1807 West Craig Road, Las Vegas, Nevada 89032 in a safe condition.

**XV.**

Defendant, WAL-MART, acted wrongfully and negligently in not maintaining its parking lot and / or entry-exit ways, including the parking lot, in a safe condition.

**XVI.**

That it is reasonably foreseeable that a person walking on the parking lot and / or entry-exit ways would trip and fall when such area is not kept in a reasonably safe condition.

**XVII.**

Defendant, WAL-MART's, negligence was the actual and proximate cause of physical injuries to Plaintiff, LORRAINE FEE.

**XVIII.**

That Plaintiff's injuries are of the type reasonably foreseeable as a result of the unsafe condition.

**XIX.**

That Defendant, WAL-MART, had actual or constructive notice of the unsafe condition prior to the time of Plaintiff's injury.

**XX.**

That there were no warnings, caution tape or any other warning devices present which would have warned Plaintiff of potential danger and unsafe condition of the parking lot and / or entry-exit ways.

**XXI.**

That as a direct and proximate cause of Plaintiff's injuries, resulting from Defendant, WAL-MART's negligence, Plaintiff was unable to perform her normal job duties and as a result was forced to close her day care business and relocate to Idaho.

....

....

....

....

....

....

Case 2:06-cv-00620- S-LRL Document 14 Filed 07/1 )06 Page 24 of 28

XXII.

As a direct and proximate result of Defendant, WAL-MART's, negligence, Plaintiff suffered serious bodily injuries, which may be permanent or disabling in nature. Additionally, Plaintiff experienced severe emotional distress, mental anguish, pain and suffering, and incurred medical expenses and wage loss, all to her detriment and damage in an amount in excess of ten thousand dollars ($10,000), and in this regard Plaintiff prays leave of the Court to insert all said damages herein when the same have been fully ascertained or proven at the time of trial herein..

**SECOND CAUSE OF ACTION:**

**DEFENDANT, JAYNES', NEGLIGENCE, NEGLIGENT HIRING & LIABILITY FOR WILLFUL ACTS FOR DEFENDANT JEFF**

XXIII.

Plaintiff re-alleges and incorporates paragraphs I-XXII as though fully set forth herein.

XXIV.

Upon information and belief, Defendant, WAL-MART, contracted with Defendant, JAYNES, who sub-contracted Defendant, JEFF, to surface, resurface and / or construct the parking lot located on Defendant, WLA-MART's, premises.

XXV.

Defendant, JAYNES, owed a duty of supervising its' employees and / or sub-contractors in a manner which should have prevented harm to other members of society.

....

....

....

XXVI.

Defendant, JAYNES, breached this duty when it failed to exercise proper supervision over their employees and / or sub-contractors, allowing Defendant, JEFF, to create an unsafe condition of Defendant, WAL-MART's, parking lot and / or entry-exit ways and failing to warn Plaintiff of said unsafe condition.

XXVII.

Defendant, JAYNES, negligently hired, trained and supervised its' employees and / or sub-contractors.

XXIII.

Plaintiff is informed and believes and thereon alleges that Defendant, JEFF, were employees and / or sub-contractors of Defendant, JAYNES, at the time of the January 3, 2004 accident, and were acting within the course and scope of their employment. Therefore, JAYNES is vicariously liable for damages to Plaintiff, under the theory of Respondeat Superior AND pursuant to NRS 41.130, Defendant, JAYNES, is liable for injuries caused by their employees.

XXIX.

As a direct and proximate result of Defendant, JAYNES', negligence, Plaintiff suffered serious bodily injuries, which may be permanent or disabling in nature. Additionally, Plaintiff experienced severe emotional distress, mental anguish, pain and suffering, and incurred medical expenses and wage loss, all to her detriment and damage in an amount in excess of ten thousand dollars ($10,000).

....

....

....

**THIRD CAUSE OF ACTION:**

**DEFENDANT, JEFF's, NEGLIGENCE**

**XXX.**

Plaintiff re-alleges and incorporates paragraphs I-XXIX as though fully set forth herein.

**XXXI.**

Defendant, JEFF, performed the actual sub-contracted work, which led to the unsafe condition on Defendant, WAL-MART's, premises on January 3, 2004, which caused Plaintiff serious bodily injuries.

**XXXII.**

Defendant, JEFF, so negligently constructed the parking lot on Defendant, WAL-MART's, premises that an unsafe condition did in fact exist.

**XXXIII.**

That is was foreseeable that failure to perform the work for which Defendant, JAYNES, was contracted and Defendant, JEFF, was sub-contracted could lead to the bodily injuries of the type of nature suffered by Plaintiff.

....

....

....

....

....

....

....

Case 2:06-cv-00620 .S-LRL Document 14 Filed 07/1‿ -006 Page 27 of 28

XXXIV.

As a direct and proximate result of the negligence of Defendants and each of them in the maintenance of a premises, located at 1807 West Craig Road, Las Vegas, Nevada 89032, over which they had ownership or control, and their failure to warn of a condition that was not open and obvious, Plaintiff was caused to suffer harm and incur, and in the future will incur general and special damages in excess of $10,000.00 including but not limited to:

a. past special damages including medical bills and wage loss;

b. future special damages associated with the need for future surgery and medical care and future loss of earning capacity;

c. present general damages including bodily injury and pain and suffering and loss of functionality of injured body parts; and

d. future pain and suffering.

XXXV.

That Plaintiff's injuries were caused solely and proximately by the Defendants' negligence and without any contributory negligence on the part of the Plaintiff.

XXXVI.

As a result of her injuries, Plaintiff has been forced to retain the services of an attorney to prosecute her claim and is therefore entitled to reasonable attorneys' fees and costs.

....

....

....

....

....

Case 2:06-cv-0062( :S-LRL Document 14 Filed 07/ 2006 Page 28 of 28

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, expressly reserving the right herein to include all items of damage, demands and judgment against the Defendants, and each of them, as follows:

1. General damages in an amount in excess of $10,000.00;
2. Special damages for past and future medical expenses in excess of $10,000.00;
3. Costs of suit and attorney's fees;
4. Interest from the time of service of this complaint, as allowed by NRS 17.130;
5. For such other and further relief as to the Court may find just and equitable.

DATED this 10 day of January, 2006.

MILLS & MILLS, LLC

DAVID S. GIBSON, JR., ESQ.
Nevada Bar No. 008084
502 S. Ninth Street
Las Vegas, Nevada 89101
702/ 386-0030
Attorneys for Plaintiff